**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| G & G Closed Circuit Events LLC,<br><br>                        Plaintiff,<br><br>vs.<br><br>Marissa Altagracia Montoya, et al.,<br><br>                        Defendants. | No.  CV-20-00834-PHX-SPL<br><br>**ORDER** |

  Defendants Marissa Altagracia Montoya and Jose Rascon operate a Mexican restaurant called Bibiano's. (Doc. 1 at ¶ 7-10). Plaintiff G & G Closed Circuit Events LLC is "in the business of distributing closed-circuit, also known as pay-per-view, sporting events and other entertainment programs." *G & G Closed Cir. Events LLC v. Alexander*, No. CV-18-02886-PHX-MTL, 2020 WL 1904628, at *1 (D. Ariz. Apr. 17, 2020). Plaintiff owns the exclusive nationwide commercial distribution rights to broadcast two particular fights at issue here. (Doc. 1 ¶ 24).

  On April 29, 2020, Plaintiff filed a Complaint against Defendants alleging they unlawfully intercepted the broadcast of the two fights at their restaurant. (Doc. 1 ¶ 14). The Complaint alleges violations of 47 U.S.C. § 605 (the Communications Act of 1934, hereinafter "the Communications Act") and § 553 (the Cable Television Consumer Protection and Competition Act of 1992, hereinafter "the Cable Act"), which deal with unlawful interception of a cable or satellite broadcast, respectively. (Doc. 1 at 8-13). Before the Court is Defendants' Motion for Summary Judgment (Doc. 21) and Plaintiff's Motion

for Partial Summary Judgment (Doc. 22). In relevant part, Defendants argue they are entitled to judgment as a matter of law because they did not utilize satellite or cable, but rather an Internet streaming device, to intercept the broadcast at issue. (Doc. 21 at 4-6).

## I. LEGAL STANDARD

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party can satisfy this burden by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See id*. at 322–23. When considering a motion for summary judgment, a court must view the factual record and draw all reasonable inferences in a light most favorably to the nonmoving party. *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002).

## II. ANALYSIS

### a. Application of Sections 553 and 605 to Internet Streaming

The Cable Act, Section 553, holds that "[n]o person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law." 47 U.S.C. § 553(a)(1). The Communications Act, Section 605, further states: "No person not being authorized by the sender shall intercept any radio communication . . . by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto." 47 U.S.C. § 605(a). "In light of the legislative history, Section 605(a) may be read as outlawing satellite signal piracy, while Section 553 bans only the theft of programming directly from a cable system." *Cablevision Of Michigan, Inc. v. Sports Palace, Inc*., 27 F.3d 566, 1994 WL 245584 (6th Cir. 1994).

In Defendants' Motion, Defendants aver that they used a subscription to an Internet

streaming application called DAZN to stream the subject fights, and therefore did not use satellite or cable. (Doc. 21 at 3). Plaintiffs do not dispute that Defendants used this Internet streaming service.[1] The issue presented is whether Sections 553 and 605 apply to the alleged unlawful broadcast interception through the use of the Internet.

There is a split of authority on whether Sections 553 and 605 apply to Internet streaming. This Court addressed the issue in *Joe Hand Promotions, Inc. v. Spain*, Case No. 2:15-cv-00152-PHX-SMM (D. Ariz. Aug. 5, 2016, Dkt. No. 39). There, the defendant intercepted a fight via the Internet using an Xbox device. *Id.* at 1-2. The Court explained that the Ninth Circuit has not "decided whether Sections 553 and 605 encompass signals transmitted over the Internet." *Id.* at 4. After considering the parties' arguments, relevant caselaw, and the legislative history of the Communications Act, the Court concluded that "Sections 605 and 553 are inapplicable in this case." *Id.* at 6. However, the Court reached this conclusion because "no cable or satellite signal was intercepted, received, or exhibited, there is no case for the alleged type of signal piracy Sections 553 and 605 prohibit." *Id.* at 5. In other words, the relevant question is not what type of system is used to intercept the broadcast, but rather the type of broadcast being intercepted. *See, e.g.*, *J & J Sports Prods., Inc*. v. Man Thi Doan, No. C-08-00324 RMW, 2008 WL 4911223, at *2 (N.D. Cal. Nov. 13, 2008) ("A signal pirate violates section 553 if he intercepts a cable signal, he violates section 605 if he intercepts a satellite broadcast."); *DirecTV, Inc. v. Webb*, 545 F.3d 837, 843 (9th Cir. 2008) (explaining that Section 605 was enacted to curb "the growing practice of individuals taking down satellite delivered programming for private, home viewing by means of privately owned backyard earth stations").

The reasoning in *Spain* comports with more recent caselaw in this District. For

---

[1] Plaintiff does object to the declaration of Paula Rascon wherein she states that DAZN is "a subscription-based internet streaming provider of this type of sports programming" because she "has no independent knowledge of DAZN's business model," but the Court finds this argument unavailing. (Doc. 24 at 3). Ms. Rascon need not have any knowledge about DAZN's "business model" to conclude that it is a subscription-based streaming service; even a quick Google search reveals that is DAZN's model.

example, in *G & G Closed Cir. Events LLC v. Alexander*, No. CV-18-02886-PHX-MTL, 2020 WL 1904628 (D. Ariz. Apr. 17, 2020), this Court held that the defendants violated Section 605, despite using an Internet streaming service, because the streaming service was used to intercept a satellite signal. *Id.* at * 2 ("The plain language of § 605(a) prohibits the 'unauthorized receipt and use of radio communications for one's own benefit or for the benefit of another.' This includes satellite communications. It does not matter that Defendants obtained the programming by pulling it from an internet source rather than by, for example manipulating hardware or using a counterfeit access card."). Other courts have held similarly. *See, e.g. G & G Closed Circuit Events, LLC v. Gonzalez Ruiz*, 379 F. Supp. 3d 1061 (S.D. Cal. 2019) ("Regardless of whether Hernandez had personal permission to receive and view the Program over the internet (a question that the Court does not decide here), there was no authorization to display the Program to other patrons at Cotija. The display of the Program via projection television at Cotija therefore, at a minimum, violates § 605.").

Here, Plaintiff alleges that the fights "originated via satellite uplink" and were "subsequently re-transmitted to cable systems and satellite companies to Plaintiff's sub-licensees." (Doc. 1 at ¶ 28). However, the Court notes that "Plaintiff cannot ultimately recover under both the Cable Act and the Communications Act." *J & J Sports Prods., Inc. v. Alcantara*, No. CIV. 13-00220 LEK, 2014 WL 3389161, at *1 (D. Haw. June 13, 2014), report and recommendation adopted, No. CIV. 13-00220 LEK, 2014 WL 3389168 (D. Haw. July 9, 2014); *J & J Sports Prods., Inc. v. Ro*, No. C 09-02860 WHA, 2010 WL 668065, at *3 (N.D. Cal. Feb. 19, 2010) ("Plaintiff may not recover under both 47 U.S.C. 605 and 47 U.S.C. 553."); *G & G Closed Cir. Events LLC v. Alexander*, No. CV-18-02886-PHX-MTL, 2020 WL 1904628, at *3 (D. Ariz. Apr. 17, 2020) ("At oral argument, Plaintiff agreed that it cannot recover under both §§ 605 and 553. It elected to proceed under § 605."). Plaintiff concedes this point. (Doc. 22-1 at 10) ("Nonetheless, Plaintiff may only recover under one statute. . . . As such, Plaintiff seeks liability under 47 U.S.C. § 605."). The Court finds that Section 605 is applicable where, as here, the Plaintiff alleges that the

4

intercepted broadcast "originated via satellite." (Doc. 1 at ¶ 28). Plaintiff's Section 553 claim will therefore be dismissed.

### b. Damages Award

Plaintiff only seeks partial summary judgment on the issue of liability, and argues that "should the Court find that Defendants are liable to Plaintiff, Plaintiff, of course, would request an opportunity to address damages." (Doc. 29 at 3). However, the issue of damages has been fully addressed by the parties in the briefing on both summary judgment motions. Accordingly, the Court will address the damages award now.

As an initial matter, Defendants' assert they "did not realize that there was anything illegal, wrong, or in any way improper for Bibiano's Mexican Restaurant to receive the internet signal for this fight program through DAZN to view at the restaurant" and therefore should not be liable for damages. (Doc. 21 at 4). However, "Section 605 is a strict liability statute. Defendants are liable for damages even if they were unaware that their unauthorized viewing violated the law." *G & G Closed Cir. Events LLC v. Alexander*, No. CV-18-02886-PHX-MTL, 2020 WL 1904628, at *4 (D. Ariz. Apr. 17, 2020). This argument does not save Defendants from liability.

Plaintiff elects to recover statutory damages. *See* 47 U.S.C. § 605(e)(3)(C)(i). A successful plaintiff "may recover an award of statutory damages for each violation of subsection (a) involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just." 47 U.S.C. § 605(e)(3)(C)(i)(II). "A traditional method of determining statutory damages is to estimate either the loss incurred by the plaintiff or the profits made by the defendants." *Joe Hand Promotions v. Kim Thuy Ho*, No. 09–01435, 2009 WL 3047231, at *1 (N.D. Cal. Sept. 18, 2009) (internal quotation marks and citations omitted). Plaintiff submits evidence that the "commercial fee for an establishment the size of Bibiano's Mexican Restaurant to broadcast the [first fight] lawfully was $875.00" and that "[t]he commercial fee for the [second fight] was $500." (Doc. 1 at ¶ 22); (Doc. 22-1 at 8); *see also* (Doc. 22-2 at ¶ 8; Doc. 22-3 at ¶ 8) (Affidavits of Joseph Gagliardi, President of Plaintiff G & G Closed Circuit Events, LLC). Based on the evidence submitted by the

Plaintiff, the Court finds that an award of $1,375 in statutory damages is appropriate.

Plaintiff also seeks an enhancement under § 605(e)(3)(C)(ii), which authorizes an increased damages award "of not more than $100,000 for each violation of subsection (a)." This enhancement is available where the court finds that a "violation was committed willfully and for the purpose direct or indirect commercial advantage or private financial gain." 47 U.S.C. § 605(e)(3)(C)(ii). In awarding enhanced damages under § 605(e)(3)(C)(ii), courts have considered "factors such as repeat violations, substantial unlawful monetary gains, significant actual damages to plaintiff, advertising, cover charges, or charging premium menu and drink prices." *J & J Sports Prods., Inc. v. Miramontes*, No. CV-10-02345-PHX-FJM, 2011 WL 892350, at *2 (D. Ariz. Mar. 14, 2011).

Here, Defendants admitted that the fights were shown at Bibiano's while food and beverages were sold to patrons. (Doc. 15 at ¶¶ 19, 35). Further, Defendants advertised that the first fight would be shown at Bibiano's via signage on the front door and via their Facebook page (Doc. 23 at ¶ 15) and advertised that the second fight would be shown at Bibiano's via Facebook (Doc. 23 at ¶ 16). Accordingly, the Court finds that Defendants did commit this violation willfully for the purpose of financial gain. *See, e.g.*, *Joe Hand Promotions, Inc. v. Kaczmar*, No. 08 C 2910, 2008 WL 4776365, at *2 (N.D. Ill. Oct. 29, 2008) ("Defendants' violation was willful within the meaning of the Act, because [s]ignals do not descramble spontaneously, nor do television sets connect themselves to cable distribution systems.") (internal quotations and citations omitted).

There are, however, some mitigating factors here. Defendants assert that there "was no cover charge for admission to Bibiano's Mexican Restaurant at the time the fight program was on" and that "[m]ost of the people who were present to watch these subject fight programs on TV were personal friends and family." (Doc. 21 at 4). They therefore allege that there "was no profit attributable to the fight programs being on TV [at] Bibiano's Mexican Restaurant." (Doc. 21 at 4). Plaintiff does not dispute these facts, instead arguing that enhanced damages should be awarded despite them. (Doc. 24 at 15). Further, this is

Defendants' first violation, and Plaintiff's actual damages are minimal ($1,375), both of which mitigates against awarding enhanced damages.

On balance, the Court finds that a minimal award of enhanced statutory damages is required to redress Plaintiff's injuries and deter Defendants from committing similar violations in the future. Accordingly, the Court will award Defendants $2,500 in enhanced statutory damages. *See, e.g.*, *J & J Sports Prods., Inc. v. Carbajal-Armendariz*, No. CV-13-02279-PHX-PGR, 2015 WL 3458145, at *4 (D. Ariz. June 1, 2015) (awarding $1,100 in statutory damages and $2,500 in enhanced damages where there was "little evidence in the record of any significant commercial advantage or private financial gain or of egregious misconduct by this defendant warranting anything more that fairly minimal enhanced damages") (internal citations omitted); *Kingvision Pay-Per-View, Ltd. v. Guzman*, No. CV-07-0963-PHX-PGR, 2008 WL 1924988, at *3 (D. Ariz. Apr. 30, 2008) (awarding $1,000 in statutory damages and $3,000 in enhanced damages); *Innovative Sports Mgmt., Inc. v. Gonzalez*, No. CV-12-00381-PHX-PGR, 2012 WL 3762436, at *2-3 (D. Ariz. Aug. 29, 2012) (awarding $1,000 in statutory damages and $1,000 in enhanced damages).[2]

**IT IS ORDERED** that Defendants' Motion for Summary Judgment (Doc. 21) is **denied**.

///
///
///
///
///

---

[2] Plaintiff also seeks to impose sanctions pursuant to Local Rule 83.1(f)(2)(F) against Defendants for (a) using 12-point font in its summary judgment motion and (b) failing to cite to a statement of facts. (Doc. 24 at 4-5). That rule deals with imposing sanctions, including disbarment, for "violations of the applicable ethical rules." The Court finds that the alleged violations are not violations of the ethical rules and are, in any event, harmless. The Court, in its sole discretion, declines to impose sanctions on that basis. *See* LRCiv 83.1(f)(4).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. 22) is **granted in part** and **denied in part** consistent with this Order. Plaintiff is awarded $1,375 in statutory damages pursuant to pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II), as well as the additional sum of $2,500 in enhanced statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment and terminate this action accordingly.

Dated this 27th day of July, 2021.

Honorable Steven P. Logan
United States District Judge