**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| G & G Closed Circuit Events, LLC,<br><br>          Plaintiff,<br><br>vs.<br><br>Marissa Altagracia Montoya, et al.,<br><br>          Defendants. | No. CV-20-00834-PHX-SPL<br><br>**ORDER** |

Before the Court is Plaintiff G & G Closed Circuit Events, LLC's Motion for Award of Costs and Attorneys' Fees (Doc. 32), filed pursuant to Fed. R. Civ. P. 54 and Local Rules 54.1 and 54.2. The Court has reviewed the Motion, Defendants' Response in Opposition (Doc. 35), Plaintiff's Reply (Doc. 36), and the accompanying exhibits. For the reasons set forth below, the Motion is granted in part and denied in part.

**I.     BACKGROUND**

On June 5, 2020, Plaintiff filed its First Amended Complaint alleging that on two occasions, Defendant Bibiano's Mexican Restaurant, LLC, operated by Defendants Marissa Altagracia Montoya and Jose Rascon, unlawfully intercepted the broadcasts of fights to which Plaintiff owned exclusive commercial domestic distribution rights. (Doc. 8 at ¶¶ 3, 14, 30). The Complaint alleged violations of 47 U.S.C. § 605 (the Communications Act of 1934) and § 553 (the Cable Television Consumer Protection and Competition Act of 1992), which deal with unlawful interception of a satellite or cable broadcast, respectively. (Doc. 8 at 13–23).

Both Plaintiff and Defendants filed Motions for Summary Judgment. (Docs. 21, 22). After full briefing on both Motions, the Court denied Defendants' Motion for Summary Judgment and granted in part and denied in part Plaintiff's Motion for Summary Judgment. (Doc. 30). Specifically, the Court granted summary judgment to Plaintiff on its claims under § 605 while dismissing its claims under § 553. (Doc. 30 at 4–5). The Court awarded Plaintiff $1,375 in statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II), as well as $2,500 in enhanced statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii). (Doc. 30 at 8).

On August 9, 2021, Plaintiff filed its Motion for Costs and Attorneys' Fees that is now before the Court, requesting $11,451.10 in attorneys' fees and $1,300 in non-taxable investigative costs.[1] (Doc. 32 at 4).

## II.  LEGAL STANDARD

Aggrieved parties prevailing under § 605 are entitled to the recovery of "full costs" and "reasonable attorneys' fees" under § 605(e)(3)(B)(iii). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckhart*, 461 U.S. 424, 433 (1983). This calculation is known as the "lodestar method," which provides an objective basis on which to make an initial estimate of the value of an attorney's services. *Id.* The party requesting the fees must submit evidence supporting the reasonableness of the hours worked and the rates claimed. *Id.* "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.*

## III.  DISCUSSION

Plaintiff prevailed on its claims made under § 605 and is thus entitled under the statute to recovery of "full costs" and "reasonable attorneys' fees," provided its requests

---

[1] While Defendants make an argument that Plaintiff should not be able to recover for FedEx delivery charges (Doc. 35 at 9), Plaintiff's Motion never requests these costs. Defendants also argue that Plaintiff may not recover for its counsel's *pro hac vice* admission fee (Doc. 35 at 10), which was included in Plaintiff's Bill of Costs (Doc. 33). *Pro hac vice* admission fees are not taxable costs under Local Rule 54.1(e)(1), and in any case, Plaintiff subsequently withdrew that claim. (Doc. 36 at 7 n.3).

2

are adequately supported by documentation. In support of its request for attorneys' fees and investigative costs, Plaintiff submits the declaration of its counsel, Thomas P. Riley, along with attorney time and task records and two invoices for payments to investigator Amanda Hidalgo.

### a. Attorneys' Fees

The award of "reasonable attorneys' fees" to the prevailing party is mandatory under § 605(e)(3)(B)(iii). Thus, it is not within the Court's discretion to deny attorneys' fees in order to avoid creating a supposed "perverse incentive" for defendants to forego litigation and accept default judgments or based on Plaintiff's alleged "deliberate attempt to avoid settling," as Defendants argue. (Doc. 35 at 4). Here, Plaintiff asks for $11,451.10 for the services of Mr. Riley (representing 4.6 hours of work at $550 per hour), an unnamed research attorney (representing 23.5 hours at $300 per hour), and an unnamed administrative assistant (representing 17.01 hours at $110 per hour).

### i. Rates

When applying the lodestar method, a reasonable hourly rate is determined by "the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Schwarz v. Sec'y of Health & Hum. Servs.*, 73 F.3d 895, 908 (9th Cir. 1995) (internal quotation marks and citation omitted). Defendants argue that Plaintiff has failed to provide sufficient evidence that the hourly rates charged are reasonable. (Doc. 35 at 7). The only evidence offered in support of the rates is Mr. Riley's declaration, which merely states that "[t]hese rates are comparable to rates for specialized litigation law firms nationally, as well as in this jurisdiction, and my personal rate is comparable to the rates of law firm partners who practice in specialized litigation in this district and nationwide." (Doc. 32-2 at 4). This Court has repeatedly found that this bare assertion does not suffice to meet Plaintiff's minimal burden to show that the rates claimed are reasonable. *See, e.g.*, *G&G Closed Circuit Events LLC v. Carbajal*, No. CV-20-00838-PHX-SPL, 2020 WL 6699485, at *2 (D. Ariz. Nov. 13, 2020); *G&G Closed Circuit Events, LLC v. Villanueva*, No. CV-20-00833-PHX-SPL, 2020 WL 5974936, at *2 (D. Ariz. Oct.

8, 2020); *G & G Closed Circuit Events, LLC v. Garcia*, No. CV-19-05134-PHX-SPL, 2020 WL 5535758, at *3 (D. Ariz. Sept. 15, 2020); *G&G Closed Circuit Events LLC v. Espinoza*, No. CV-18-08216-PCT-JAT, 2020 WL 1703630, at *3 (D. Ariz. Apr. 8, 2020); *J & J Sports Prods. Inc. v. Patel*, No. CV-16-00234-TUC-RM (BPV), 2018 WL 1609731, at *4 (D. Ariz. Apr. 3, 2018).

In the past, this Court has found that a reasonable rate for Mr. Riley's services in this community is $250. *Garcia*, 2020 WL 5535758, at *3. That finding was based in part on "the routine nature of the cause of action filed" and that fact that the action resulted in a default judgment. *Id.* at *3–4; *see Joe Hand Promotions, Inc. v. Be*, No. 11-CV-01333-LHK, 2011 WL 5105375, at *6 (N.D. Cal. Oct. 26, 2011) ("[W]here the instant action is routine or substantially similar to prior actions brought by the same attorney, a court may find requests for attorney's fees excessive.") The instant case is slightly different from *Garcia* only in that the case was decided at the summary judgment stage. Nonetheless, this case is still routine for Mr. Riley given that other similar cases he has brought on behalf of Plaintiff have also been decided at the summary judgment stage. *See, e.g.*, *G&G Closed Circuit Events LLC v. Torres*, No. CV-18-02855-PHX-DJH, 2021 WL 2530833 (D. Ariz. Jan. 21, 2021); *G&G Closed Circuit Events LLC v. Alexander*, No. CV-18-02886-PHX-MTL, 2020 WL 3574552 (D. Ariz. July 1, 2020); *G & G Closed Circuit Events, LLC v. Rojas*, No. ED CV 18-00438 WDK-JC, 2020 WL 7861979 (C.D. Cal. Oct. 5, 2020). Thus, the Court finds that its analysis in *Garcia* is also applicable in this case and will reduce Mr. Riley's hourly rate to $250.

The Court's analysis in *Garcia* likewise applies to the hourly rates for the work of the unnamed research attorney and the administrative assistant in this case. This is a routine matter, and the only support for their rates is a brief description of their qualifications found in Mr. Riley's declaration. (Doc. 32-2 at 3–4). In *Garcia*, the Court reduced the research attorney's rate to $100 per hour and the administrative assistant's rate to $65 per hour. *Garcia*, 2020 WL 5535758, at *4. The Court will do the same here.

///

*ii. Time*

Mr. Riley has "reconstructed" the billable hours for legal services rendered in this case despite having been admonished for this practice many times. (Doc. 32-2 at 4) *See Garcia*, 2020 WL 5535758, at *4 ("This Court is continuously perturbed by Riley's failure to practice contemporaneous timekeeping."). Defendants argue that such records are "inadequate to support an award of attorney's fees."[2] (Doc. 35 at 6). Indeed, non-contemporaneous documentation is "inherently less reliable." *G & G Closed Circuit Events, LLC v. Kim Hung Ho*, No. 11-CV-03096-LHK, 2012 WL 3043018, at *2 (N.D. Cal. July 25, 2012) (striking entries that "represent unnecessary expenditures" or "overstate the amount of time reasonably attributable to the activity"). In *Garcia*, this Court struck all entries billed to the administrative assistant that were identical to entries billed to Mr. Riley except for the addition of the phrase "and Filing." *Garcia*, 2020 WL 5535758, at *4. The Court finds its approach to duplicative tasks in *Garcia* is also appropriate in the instant case. The Court has identified 42 such duplicative entries and will strike the 21 entries billed to the administrative assistant.

In addition, Defendants argue that attorneys' fees should be reduced because Plaintiff and Mr. Riley "have filed hundreds of nearly identical cases, so the amount of time actually spent on any particular case is small." (Doc. 35 at 5). Courts have routinely admonished Mr. Riley for billing excessive time for boilerplate documents and reduced Plaintiff's fees accordingly. *See, e.g.*, *Alexander*, 2020 WL 3574552, at *4; *Kim Hung Ho*, 2012 WL 3043018, at *2; *Espinoza*, 2020 WL 1703630, at *2 ("The Court is constrained

---

[2] Defendants also make the unsupported allegations that the billing statement submitted to the Court is not the billing statement submitted by Plaintiff's counsel to Plaintiff for payment in this case and that "[i]n all likelihood," they have a contingency fee agreement. (Doc. 35 at 6). The Court is alarmed by these accusations of dishonesty and advises Defendants' counsel that "common sense" is not a sufficient basis on which to accuse Plaintiff's counsel of misconduct. (Doc. 35 at 6). The Court notes that Mr. Riley's declaration avers that "[b]illable hours spent on this case are detailed in Exhibit 1," implying that the hours would, in fact, be billed to his client. (Doc. 32-2 at 4). Mr. Riley also states in his declaration that "[c]ounsel does not have a fee agreement with Plaintiff." (Doc. 32-2 at 5). While the Court finds this practice unusual, the Court trusts that Plaintiff's counsel is abiding by his ethical obligation of candor to the tribunal. *See* Cal. Rule of Pro. Conduct 3.3.

to review Mr. Riley's bill with something of a jaundiced eye because of his well-known use of boilerplate pleadings and form motions in the many hundreds of actions similar to this one that he maintains across the country."). Here, the Court finds that the hours billed to the research attorney for two tasks were excessive or overstated.

First, the research attorney billed 4.0 hours for "Preparation of Plaintiff's Motion for Partial Summary Judgment." (Doc. 32-2 at 11). However, broad swaths of Plaintiff's Brief in Support of its Motion for Partial Summary Judgment were identical, albeit rearranged in some places, to briefs filed in support of summary judgment in other cases where Mr. Riley served as Plaintiff's counsel. *Compare* Doc. 22-1 *with e.g.*, Plaintiff's Brief in Support of Motion for Summary Judgment, *G & G Closed Circuit Events, LLC v. Torres*, No. 18-CV-02855-DJH (D. Ariz. May 15, 2020), ECF No. 45-1; Plaintiff's Brief in Support of Motion for Summary Judgment, *G & G Closed Circuit Events, LLC v. Alexander*, No. 18-CV-02886-MTL (D. Ariz. Dec. 20, 2019), ECF No. 37-3. As such, the Court will reduce the hours billed for this task to 2.0 hours. *See Alexander*, 2020 WL 3574552, at *4 (reducing a time entry for preparation of a motion for summary judgment to 2.0 hours where the motion was "identical in all substantive regards to prior summary judgment motions filed by Plaintiff's Counsel").

Second, the research attorney billed 6.0 hours for "Preparation of Plaintiff's Separate Statement of Facts in Support of a Motion for Partial Summary Judgment." (Doc. 32-2 at 11). But that filing was a six-page document, and much of the language is identical to language found in Plaintiff's Complaint, with the mere addition of citations to the record. (Doc. 23). Given that the research attorney also billed 3.0 hours one week earlier to "Review Disclosures and Files in anticipation of Motion for Summary Judgment" (Doc. 32-2 at 11), the Court cannot fathom how an attorney with twenty-six years of experience (Doc. 32-2 at 3) could purport to spend 6.0 hours preparing the Statement of Facts. The Court finds this entry unnecessary and excessive and will reduce the time billed for this task to 1.0 hour.

///

In total, then, the Court will award Plaintiff $3,769.15 in attorneys' fees for 4.6 hours of work by Mr. Riley at $250 per hour, 16.5 hours of work by the research attorney at $100 per hour, and 14.91 hours of work by the administrative assistant at $65 per hour.

### b. Investigative Costs

The award of "full costs" is not discretionary under § 605(e)(3)(B)(iii). Here, Plaintiff asks for $1,300 in investigative costs. (Doc. 32 at 4) Although courts are split as to whether investigative costs are permitted in this context, this Court has previously held that investigative costs are included in the "full costs" mandated by § 605(e)(3)(B)(iii). *See G&G Closed Circuit Events LLC v. Williams*, No. CV-19-05142-PHX-DWL, 2020 WL 4464387, at *2 (D. Ariz. Aug. 4, 2020). Still, even though investigative costs are permitted, "it does not alleviate a plaintiff's burden to show '(1) the amount of time necessary for the investigation; (2) how much the investigators charged per hour; and (3) why the investigators are qualified to demand the requested rate.'" *Espinoza*, 2020 WL 1703630, at *4 (quoting *J & J Sports Prods., Inc. v. Arvizu*, No. CV-17-03130-PHX-DGC, 2018 WL 1621253, at *2 (D. Ariz. Apr. 4, 2018)).

Here, Defendants argue that Plaintiff has failed to provide adequate documentation for the investigative costs. (Doc. 35 at 8). Plaintiff submits two non-itemized invoices for $650 each (Doc. 32-2 at 16–17) and a statement in Mr. Riley's declaration that the costs are "reasonable" (Doc. 32-2 at 5). This Court has routinely found that these items are insufficient to meet Plaintiff's minimal burden to recover investigative costs. *See, e.g.*, *Carbajal*, 2020 WL 6699485, at *2; *Villanueva*, 2020 WL 5974936, at *2; *Garcia*, 2020 WL 5535758, at *5. The Court has previously admonished Plaintiff to respect the Court's orders by "provid[ing] sufficient evidence to support its requests consistent with this Court's orders" in future motions for fees and costs. *Carbajal*, 2020 WL 6699485, at *2 n.1. Because Plaintiff continues to provide the same insufficient evidence in disrespect of the Court's orders, the Court denies Plaintiff's request for investigative costs.[3]

---

[3] Additionally, Plaintiff asserts that "[t]his case involved two separate events, with one investigator for each," with Ms. Amanda Hidalgo witnessing one violation and Mr.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Award of Costs and Attorneys' Fees (Doc. 32) is **granted in part** and **denied in part** as follows:

1. Plaintiff is awarded $3,769.15 in reasonable attorneys' fees under 47 U.S.C. § 605(e)(3)(B)(iii); and
2. Plaintiff's request for investigative costs is **denied**.

Dated this 3rd day of September, 2021.

Honorable Steven P. Logan
United States District Judge

---

Gerardo Alvarez Jose witnessing the other. (Doc. 36 at 7). In support of its Motion for Partial Summary Judgment, Plaintiff submitted an affidavit from Ms. Hidalgo about the May 4, 2019 event (Doc. 22-4 at 3–4) and an affidavit from Mr. Gerardo Alvarez Hose about the June 8, 2019 event (Doc. 22-4 at 27–28). However, in support of its request for investigative costs, Plaintiff submits two invoices for checks payable to Ms. Hidalgo without explaining why the check for the June 8 event would go to Ms. Hidalgo rather than Mr. Jose or Mr. Hose. (Doc. 32-2 at 16–17). Thus, the Court questions whether the little documentation Plaintiff has provided is correct, providing another independent reason to deny investigative costs. *See Espinoza*, 2020 WL 1703630, at *4 (denying investigative costs when plaintiff submitted an incorrect invoice).